UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHIRLEY L. BENCH, ROBERT W. BOOTH, Jr., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>THE WALT DISNEY COMPANY; WALT DISNEY PRODUCTIONS AND ASSOCIATED COMPANIES' RETIREMENT PLAN; et al.<br><br>Defendants. | CASE NO. CV-97-8203 TJH (AIJx)<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF ADDENDUM TO SETTLEMENT OF CLASS ACTION LAWSUIT, AND MODIFYING CLASS DEFINITION<br><br>[Fed. R. Civ. P. 23]<br><br>DATE: May 13, 2002<br>TIME: 11:00 a.m.<br>CTRM: 17 |

By Order of February 28, 2000, this Court approved the Stipulation and Settlement Agreement of August 11, 1999 ("8/11/99 Settlement") which resolved certain claims alleged in the above-entitled class action lawsuit.

The parties have now reached a new agreement amending the 8/11/99 Settlement, referred to hereinafter as the "Addendum," which is appended as Exhibit 2 to the Declaration Of Dolly M. Gee In Support Of Joint Motion For Order Granting Preliminary Approval Of Settlement Of Class Action Lawsuit, And Conditionally Certifying Class, And In Support Of Motion For Award Of Attorneys'

Fees, dated October 30, 2001. The Court hereby grants final approval of the Addendum.

The 8/11/99 Settlement resolved the claims of all Group Two Class Members as defined in Paragraph 12 of the 8/11/99 Settlement with the exception of the "Residual Group Two Class Members," a term defined at Paragraph 10 of the Addendum. The Addendum resolves the claims of all Residual Group Two Class Members. Specifically, the Addendum embodies the parties' agreement as to the type of coverage for Residual Group Two Class Members that will be in place from and after the "Addendum's Effective Date," a term defined at Paragraph 13 of the Addendum, and expressly supersedes Paragraph 26 of the 8/11/99 Agreement from and after the Addendum's Effective Date.

The 8/11/99 Settlement, and several subsequent agreements, tolled all statute of limitations defenses as to the claims of "Group Three Class Members" and "Group Four Class Members," terms defined at Paragraphs 11 and 12 of the Addendum. The Addendum resolves the claims of all Group Three Class Members and Group Four Class Members. Specifically, the Addendum embodies the parties' agreement as to the type of coverage for Group Three Class Members and Group Four Class Members that will be in place from and after the Addendum's Effective Date and expressly supersedes Paragraph 28 of the 8/11/99 Settlement, and all subsequent agreements regarding the tolling of limitations defenses for all persons encompassed by Paragraph 28 of the 8/11/99 Settlement (whether or not affected by the Addendum), from and after the Addendum's Effective Date.

On January 18, 2002, this Court issued an Order Preliminarily Approving Addendum To Settlement of Class Action Lawsuit, And Modifying Class Definition.

On May 13, 2002, pursuant to Rule 23 of the <u>Federal Rules of Civil Procedure</u> ("FRCP"), the Court conducted a hearing to consider the fairness of the Amendment, and notices of that hearing were duly mailed to Residual Group Two Class Members, Group Three Class Members, and Group Four Class Members.

1  Upon consideration of the submissions of the parties, the pleadings, and the other materials submitted in this lawsuit, it is hereby ORDERED:

- Final approval of the Addendum is GRANTED, as the Court finds that the Addendum is fair and equitable and otherwise meets the requirements for approval set forth in Rule 23 of the FRCP.

- The definition of the class finally approved by Order of this Court on February 28, 2000, is modified so that it recognizes a subgroup within the previous group of "Group Two Class Members," with persons in this subgroup known as "Residual Group Two Class Members," as defined in Paragraph 10 of the Addendum. The definition is amended so that it now includes "Group Three Class Members" and "Group Four Class Members," as defined in Paragraphs 11 and 12 of the Addendum.

- The request of Plaintiffs' counsel as to attorneys' fees, and the interest thereon, is granted, as more fully described in an separate order issued this date.

- The Complaint and any and all claims asserted in the lawsuit on behalf of the Residual Group Two Class Members, Group Three Class Members, and Group Four Class Members shall be dismissed with prejudice. By superseding Paragraph 28 of the 8/11/99 Settlement and all subsequent agreements regarding the tolling of limitations defenses for all persons encompassed by Paragraph 28 of the 8/11/99 Settlement (whether or not affected by this Addendum), the Addendum shall cause, from and after the Addendum's Effective Date, any and all agreements regarding the tolling of limitations applicable to any and all claims asserted in Civil Action No. CV97-8203 TJH (AIJx) to be terminated. The Court shall retain jurisdiction for purposes of interpretation, effectuation, and implementation of the Addendum.

DATED: 5-13-02

BY THE COURT:

TERRY J. HATTER
UNITED STATES DISTRICT JUDGE

## PROOF OF SERVICE - F.R.C.P. 5(b)

I, MARGARITA VALDEZ, the undersigned, certify and declare that I am a citizen of the United States, over the age of eighteen years, employed in the County of Los Angeles, State of California, and not a party to this action. On April 18, 2002, I served a true copy of **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF ADDENDUM TO SETTLEMENT OF CLASS ACTION LAWSUIT, AND MODIFYING CLASS DEFINITION**

___ by personally delivering it to the person(s) indicated below in the manner provided in F.R.C.P. 5(b)

_X_ by depositing it in the United States mail at Los Angeles, California, in a sealed envelope with postage thereon fully prepaid to the following:

Phyllis Kupferstein, Esq.
Quinn Emanuel Urquhart, Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 18, 2002, at Los Angeles, California.

_____
MARGARITA VALDEZ

1